IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHILLZ VENDING, LLC, a Utah limited liability company; JOHN READ, an individual; QUINTEN READ, an individual; and BLAKE LESH, an individual,<br><br>                  Plaintiffs,<br><br>v.<br><br>GREENWOOD MOTOR LINES, INC. dba R+L CARRIERS; and PERFORMANCE OVERNIGHT, LLC dba UNISHIPPERS,<br><br>                  Defendants. | MEMORANDUM DECISION AND ORDER DENYING UNISHIPPERS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT<br><br><br>Case No. 4:23-cv-00065-PK<br><br>Magistrate Judge Paul Kohler |

This matter is before the Court on Defendant Performance Overnight, LLC d/b/a Unishippers' ("Unishippers") Motion to Dismiss or, in the alternative, for Summary Judgment.[1] For the reasons discussed below, the Court denies the Motion.

I. BACKGROUND

Plaintiff Chillz Vending, LLC ("Chillz") purchased two new ice and water vending machines from Everest Ice & Water Systems, Inc. ("Everest"). Under the terms of the agreement, Unishippers—Everest's partner shipping and storage company—agreed to "handle the logistics of storage and shipping."[2] Unishippers represented in its policies and procedures that it was "responsible for managing transportation of [the] product to its destination," including

---

[1] Docket No. 12, filed August 31, 2023.

[2] Docket No. 26-1, at 2.

1

addressing freight damage claims.[3] Unishippers, in turn, contracted with R+L Carriers ("R+L") to transport the machines. When the machines were delivered, Chillz noticed that the machines were defective and that they had been damaged during shipping. Chillz initiated a claim with Unishippers, but Unishippers has refused payment.

Plaintiffs bring suit against Unishippers under the Carmack Amendment and, in the alternative, assert state law claims for breach of contract, promissory estoppel, and negligence. Unishippers seeks dismissal or summary judgment, arguing they are not "carriers" as defined by the Carmack Amendment, Plaintiffs' state law claims are preempted by the Carmack Amendment, and Plaintiffs' state law claims fail as a matter of law.

## II. STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[4] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[5] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6] "A pleading that offers 'labels and conclusions' or 'a formulaic

---

[3] Docket No. 26-2, at 2.

[4] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[7]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[9]

In considering a motion to dismiss, a district court considers not only the complaint "but also the attached exhibits,"[10] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[11] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[12]

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] In

---

[7] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[8] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[9] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[10] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[11] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

[12] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[13] Fed. R. Civ. P. 56(a).

considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[14] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[15]

Federal Rule of Civil Procedure 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[16]

The party requesting additional discovery must present an affidavit that identifies "the probable facts not available and what steps have been taken to obtain these facts. The nonmovant must also explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact."[17] "The general principle of Rule [56(d)] is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover

---

[14] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[15] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[16] Fed. R. Civ. P. 56(d).

[17] *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006) (brackets, citation, and internal quotation marks omitted).

information that is essential to his opposition.'"[18] "Unless dilatory or lacking in merit, the motion should be liberally treated."[19]

### III. DISCUSSION

The Carmack Amendment imposes liability on motor carriers and freight forwarders "for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States."[20] Unishippers argues that it is a broker and, as such, is not subject to Carmack Amendment liability.

"Carmack Amendment liability applies only to carriers, and since brokers are not carriers, . . . [they] are not liable for damage to property under the Carmack Amendment."[21] Under the Carmack Amendment, a "carrier" is "a motor carrier, a water carrier, and a freight forwarder,"[22] all of which involve providing transportation,[23] while a "broker" is "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation."[24]

---

[18] *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson*, 477 U.S. at 250 n.5 (alterations in the original).

[19] *Comm. for First Amend. v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (internal quotation marks and citation omitted).

[20] 49 U.S.C. § 14706(a)(1).

[21] *Delta Stone Prods. v. Xpertfreight*, 304 F. Supp. 3d 1119, 1127 (D. Utah 2018).

[22] 49 U.S.C. § 13102(3).

[23] *Id.* § 13102(8), (14), (26).

[24] *Id.* § 13102(2).

"[T]he operative textual distinction between a broker and a motor carrier is whether a party *provides transportation* with regard to a given shipment, or whether it *sells, negotiates, or holds itself out* as providing transportation of that shipment."[25] "[T]he key distinction is whether the disputed party accepted *legal* responsibility to transport the shipment."[26] "This is necessarily a case-specific analysis, and as a result, summary judgment might not be appropriate in many cases."[27] "[T]he question will depend on how the party held itself out to the world, the nature of the party's communications and prior dealings with the shipper, and the parties' understanding as to who would assume responsibility for the delivery of the shipment in question."[28]

Here, there is conflicting evidence as to whether Unishippers was acting as a carrier or a broker. Unishippers is licensed as a broker[29] and the Bill of Lading lists R+L as the carrier.[30] Moreover, Unishippers indicated to Plaintiffs that it was "serving as a freight and shipment consolidator."[31] In contrast, Everest represented that Unishippers was its "partner shipping and storage company" that would "handle the logistics of storage and shipping."[32] Unishippers similarly represented that it was "responsible for managing transportation of [the] product to its destination."[33] And the individual Plaintiffs provided declarations stating their belief that

---

[25] *Essex Ins. Co v. Barret Moving & Storage, Inc.*, 885 F.3d 1292, 1300 (11th Cir. 2018).
[26] *Id.* at 1301.
[27] *Id.* at 1302.
[28] *Id.*
[29] Docket No. 12-1, at 1.
[30] *Id.* at 18.
[31] Docket No. 26-2, at 2.
[32] Docket No. 26-1, at 2.
[33] Docket No. 26-2, at 2.

Unishippers was acting as a carrier.[34] From this, the Court cannot conclude, at this stage, that Unishippers acted as a broker in this transaction as a matter of law. Moreover, Unishippers Motion is premature given that the parties have yet to conduct discovery.[35] Thus, even if the Court was persuaded by Unishippers' argument, it would defer ruling on its Motion based on Plaintiffs' request under Federal Rule of Civil Procedure 54(d).

Unishippers next argues that Plaintiffs' state law claims are preempted by the Carmack Amendment. The Tenth Circuit has held "that the Carmack Amendment preempts state common law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading."[36] Other circuits are in accord.[37] Therefore, if Unishippers is determined to be a carrier, Plaintiffs' state law claims would be barred. However, to the extent that Unishippers

---

[34] Docket No. 26-5, at 2; Docket No. 26-6, at 2; Docket No. 26-7, at 2.

[35] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment "after adequate time for discovery"); *see also Bryant v. O'Connor*, 848 F.2d 1064, 1068 (10th Cir. 1988) ("[D]iscovery is strongly favored before summary judgment is granted[.]"); *Burke v. Utah Transit Auth. & Loc. 382*, 462 F.3d 1253, 1264 (10th Cir. 2006) ("[S]ummary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.") (internal quotation marks and citation omitted) (alteration in original).

[36] *Underwriters of Lloyds of London v. N. Am. Van Lines*, 890 F.2d 1112, 1121 (10th Cir. 1989) (en banc).

[37] *Id.* at 1120 (noting that "every circuit which has considered the matter . . . has either held or indicated it would hold that the Carmack Amendment preempts state common law remedies against a carrier for negligent damage to goods shipped under a proper bill of lading").

acted only as a broker, Plaintiffs' state law claims would not be preempted.[38] The Court will proceed to examine the viability of those claims.[39]

Unishippers contends that Plaintiffs' state law claims must be dismissed because Unishippers did not cause Plaintiffs any damages. More specifically, Unishippers argues that Plaintiffs' damages were caused by Everest. Unishippers argues that Plaintiffs rejected the ice machines because they were not new, as Everest had promised, not because of any action taken by Unishippers. However, this argument ignores the allegations in the Amended Complaint and omits important evidence.

With respect to the Amended Complaint, Plaintiffs clearly allege that the machines were damaged during shipping.[40] Unishippers ignores these allegations. Moving beyond the allegations, Unishippers points to a letter written by Chillz counsel in which he complains that Everest sent used/defective machines rather than new machines.[41] However, Unishippers leaves out a statement in that same letter, where counsel stated that "Unishippers further damaged the two machines in transit."[42] Even assuming that Everest sent used and defective machines, a reasonable inference can be drawn that Unishippers' alleged damage during shipping exacerbated the problem, resulting in damage. Plaintiffs further allege damage as a result of

---

[38] *Atlas Aerospace LLC v. Advanced Transp., Inc.*, No. 12-1200-JWL, 2013 WL 1767943, at *2 (D. Kan. Apr. 24, 2013) (collecting cases for proposition that the Carmack Amendment does not preempt state law claims brought against a broker).

[39] Unlike the plaintiff in *Icon Health & Fitness, Inc. v. NVC Logistics Grp., Inc.*, No. 1:16-cv-00167-JNP-EJF, 2017 WL 2656112, at *5 (D. Utah June 20, 2017), cited by Unishippers, Plaintiffs have adequately pleaded in the alternative.

[40] Docket No. 1-1 ¶¶ 15, 57.

[41] Docket No. 12-1, at 25.

[42] *Id.*

Unishippers' failure to engage in its claims process. At this stage, these allegations of damages are sufficient to withstand dismissal.

## IV. CONCLUSION

It is therefore

ORDERED that Unishippers' Motion to Dismiss or, in the alternative, for Summary Judgment (Docket No. 12) is DENIED.

DATED this 30th day of October, 2023.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge