IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHILLZ VENDING, LLC, a Utah limited liability company; JOHN READ, an individual; QUINTEN READ, an individual; and BLAKE LESH, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GREENWOOD MOTOR LINES, INC. dba R+L CARRIERS; and PERFORMANCE OVERNIGHT, LLC dba UNISHIPPERS,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT GREENWOOD MOTOR LINES, INC.'S MOTION FOR LEAVE TO FILE SEALED DOCUMENT<br><br><br>Case No. 4:23-cv-00065-PK<br><br>Magistrate Judge Paul Kohler |

This matter is before the Court on Defendant Greenwood Motor Lines, Inc.'s Motion for Leave to File Sealed Document. Defendant seeks to file under seal a settlement agreement entered into between Plaintiff Chillz Vending, LLC ("Chillz") and Everest Ice & Water Systems, Inc. ("Everest"). Defendant filed that document in relation to its motion for summary judgment. Defendant states that the sole basis for filing the settlement agreement under seal is that Plaintiffs "have designated that document as CONFIDENTIAL under the Standard Protective Order."[1]

DUCivR 5-3(a)(1) states that "[o]n motion of a party and a showing of good cause, a judge may order that a Document be sealed." However, "[a] stipulation or a blanket protective order that allows a party to designate documents as sealable will not suffice to allow the filing of Documents under seal."[2] DUCivR 5-3(b)(2)(C)(i) states that "[i]f the sole basis for proposing

---

[1] Docket No. 50, at 2.

[2] DUCivR 5-3(a)(1).

1

that the Document be sealed is that another party designated it as confidential or for attorneys' eyes only," "the designating party must file a Motion for Leave to File Under Seal in accordance with DUCivR 5-3(b)(2) within 7 days of service of the motion" if they seek to have the document remain under seal. "If the designating party does not file a motion within 7 days, the original motion may be denied, and the Document may be unsealed without further notice."[3]

Here, Plaintiffs have failed to file a motion seeking to have the settlement agreement remain under seal, despite being alerted to the fact that they needed to so move.[4] Further, the fact that the settlement agreement contains a confidentiality provision is not, on its own, sufficient to justify sealing the agreement.[5] Without further information to justify sealing the settlement agreement, Defendant's Motion must be denied.[6]

It is therefore

ORDERED that Defendant Greenwood Motor Lines, Inc.'s Motion for Leave to File Sealed Document (Docket No. 50) is DENIED. The Clerk of Court is directed to unseal Docket No. 51.

---

[3] DUCivR 5-3(b)(2)(C)(i).

[4] *See* Docket No. 52.

[5] *See Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) ("The interest in preserving the confidentiality of the contract does not necessarily constitute a sufficiently substantial justification."); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (denying a motion to seal where "[t]he parties' only stated reason for filing these documents under seal [was] that they involve[d] the terms of confidential settlement agreements and/or they were filed under seal in the district court").

[6] *Colony Ins. Co.*, 698 F.3d at 1242 (denying motion to seal where "[n]either party has submitted any specific argument or facts indicating why the confidentiality of their settlement agreements outweighs the presumption of public access").

DATED this 19th day of March, 2024.

                                                      BY THE COURT:

                                                     _____

                                                     PAUL KOHLER
                                                     United States Magistrate Judge